McChesney *vs.* Bruce.

and for all direct and immediate damages resulting from the neglect of the lessor to make such repairs, and which it was not in the power of the tenant easily to have avoided.   Upon the authority of *Story on contracts,* and the case of *Blanchard and Ely,* 21 *Wend.,* (and numerous other cases we might cite,) we think the loss of custom complained of by the plaintiff, and proved by the witnesses, was too speculative, and depended upon too many and remote contingencies, to constitute a proper ground for damages in this case.

We think complete justice cannot be done without the cause being submitted to another jury.   The plain inference is, that the jury who determined this case, were permitted to consider matters which ought not to have entered into their verdict, and have allowed damages under the evidence submitted to them, which exceed those which the law and justice of the case would warrant.   We therefore reverse the judgment and remand the cause.

*Judgment reversed and procedendo awarded.*

---

# Symms C. H. McChesney *against* Daniel C. Bruce and others.

The testatrix by her will, desired that the proceeds of the servants hire, together, *"all the residue of my estate,"* be divided into four equal parts, and then disposed of each part.   All the other clauses of the will related exclusively to personal property.   The above clause did not dispose of the real estate of which the testatrix died seized, but the same descended to her heirs.

APPEAL from Allegany county court, sitting as a court of equity.

The bill in this case was filed by the appellants, claiming to be among the heirs of one Helen Bruce.   It alleged that the said Helen Bruce was dead, and at the time of her death was seized of a large real estate, of which she died intestate,

although she made a will, and it asked a decree for the sale thereof. The bill was filed against others who were heirs, and some of whom claimed the land under the will of said Helen.

Some of the defendants demurred to the bill, and as the demurrer was sustained by the court below, it is unnecessary to notice the answers filed by others of the defendants.

The will of Helen Bruce bears date the 1st day of May 1841, and after expressing her desire to settle her worldly affairs, and giving freedom to some of her negroes, and legacies to different persons, it goes on :

"It is my desire that the proceeds of the servants hire, together with *all the residue of my estate*, be equally divided into four parts, and distributed as follows : one-fourth part to my brother George Bruce, one-fourth part to my sister Catharine Calmes, one-fourth part to my nephew Daniel Bruce, son of my brother William Bruce, and one-fourth part to be equally divided between my nephew Andrew Bruce, and nieces Ellenor Bruce and Barbara Bruce, children of my brother Normand M. Bruce."

The will afterwards constituted George Bruce her executor. No mention is made of the real estate of the testatrix, unless the words "all the residue of my estate," disposes of the real as well as personal estate.

The complainants insisted that these words did not embrace the real estate of the testatrix, and of course the real estate was undisposed of. Those who demurred to the bill maintained that all of the real as well as the personal estate, was to be divided into four parts, and to go as directed by the above recited clause.

The will in its introductory clauses, after speaking as usual about her burial proceeds "and after my debts and funeral expenses are paid, I devise and bequeath as follows :" The single question was, whether the above clauses of the will disposed of the real estate of the testatrix?

44    v.1

---

---

The case was argued before LE GRAND C. J., and ECCLE-STON, and MASON J.

By *G. M. Price* for the appellants, and *T. G. McKaig* for the appellees.

*Price* for the appellants.

We contend that the real estate of the testatrix did not pass by her will, and that by its true construction, it is confined entirely to her personal property. References: *Walters vs. Walters*, 3 *H. & J.*, 202.   20 *Pick.*, 252.   *Ballard vs. Goff*, 3 *Bin.*, 482.   *Clayton vs. Clayton*, 6 *Wharton*, 244.   7 *Taunt.*, 79.   6 *D. & E.*, 277.   2nd vol. of *Preston on Estates*, 109 and 140.   The decision of Lord Hardwick spoken of in 2 *D. & E.*, 306.   5 *Taunt.*, 263.   1 *Rawle*, 415.   1 *Eden*, 43.   3 *T. Rep.*, 85.   1 *H. & J.*, 111.   2 *H. & J.*, 285.   6 *H. & J.*, 436.   8 *G. & J.*, 436.   5 *G. & J.*, 459.

The introductory clause is matter of form in a will, having but little influence.   3 *H. & J.*, 148.   An intention express-ed in the begining of a will, to dispose of the whole estate, will not have that effect, unless there be words expressing that intention, in the devising part of the will.   6 *H. & J.*, *Bell vs. Holmes.*

The word "estate," has two meanings, the one relates to the *corpus*, the other the *quantum* of the estate.   20 *Pick.*, *Ballard vs. Goff.*

*McKaig* for appellees.

8 *G. & J.*, 440, *Hammond vs. Hammond,* the word estate, will pass a fee, unless restricted by the context.

In the case of *Walters vs. Walters*, 3 *H. & J.*, 202, the word "remainder" was decided to relate to personality, be-cause it meant the remainder of the fund out of which debts, legacies, the wife's thirds, and funeral charges, were to be paid.

1 *Jarman on Wills*, 657 *(marginal) to* 681.

*Price* for appellants.

2 *H. & J.*, 286, (in 1828.)

MASON J., delivered the opinion of this court.

The question involved in this case, in our opinion has been settled by the Court of Appeals, in the case of *Walters vs. Walters*, 3 *Har. and John.*, 201, which decision was afterwards recognised and sanctioned by Chief Justice Buchanan, in *Bell, vs. Holmes* 6 *Har. and John.*, 228. Although in the former case, that part of the court's opinion which related to the clause in the will, resembling the one now before us, was lost, still it will be found on an examination of the case, that the question whether the terms "remainder of my estate," were to be confined to the personalty, or were to be regarded as carrying the whole of the testators property real and personal, was distinctly presented and decided by the court. That case was a stronger one than that which is now before us. There the testator in the different items of the will, was dealing indiscriminately with real and personal property; here the entire will is taken up with the disposition of personal property alone, and according to the maxim *noscitur a sociis*, it would seem proper to confine the word "estate" to the personalty, as was done in the case of *Walters vs. Walters*. The language employed by the testator, "together with all the residue of my estate," is unquestionably sufficient to pass real estate, unless restrained by other words intimately connected with the devise, or unless so associated with bequests of personal property, as to show that the testator meant to use the language as merely applicable to personalty. We are warranted by the authority cited, in stating that the generality of these words are restricted by antecedent bequests, in such a manner as to confine them to the personal estate. It must be conceded that there is some conflict of authority upon this subject, both in England and in this country, but not regarding it as an open question before this court, we do not feel disposed, or think it necessary, to enter into an examination of the numerous cases in which the question has arisen. Many of the cases which have been relied upon to support a more liberal construction, and which appear to resemble the present case, will be found on examination to have extended

the words, *estate*, *property*, and the like, to the realty, because there were other words in the devise sufficient of themselves to carry all of the personalty, and that as a consequence, the testator must have designed giving a larger and different meaning to the language subsequently employed.

Among the strongest cases cited in support of the construction adopted by our own Court of Appeals, is the case of *Ballard vs. Goff*, 20 *Pick.*, 252. By reference to that decision it will be found, that that learned court fully sustains the result which we have reached in the case we are now considering, and that the law is clearly and forcibly stated, and many of the leading cases cited and reviewed.

The county court was in error, we think, in the construction it has given to this will, and in sustaining the demurrer to the bill. The demurrer should have been overruled, and the defendants required to answer.

*Decree reversed and cause remanded.*