(Decided 18th March, 1872.)

---

WILLIAM REA *vs.* ELIZABETH A. TWILLEY,
WILLIAM T. MANNING, and others.

*Construction of the Residuary clause of a Will.*

A testator having bequeathed to his wife absolutely, his negro slaves, his household and kitchen furniture, stock and other movable property on the premises, devised to her specifically, during her natural life, all the real estate he then owned.   The residuary clause of the will was as follows:  " All the balance of my estate undisposed of, and all bonds, notes and accounts due me, I want the same collected and invested in stock of the Farmers and Planters' Bank of the city of Baltimore, or some other or better stock, and the interest or dividends thereof paid over to my dear wife, Eliza Scott, during her natural life."   After the execution of his will, the testator became seised and possesed of a farm.   HELD :

That the farm did not pass to the wife for life, under the residuary clause of the will, but descended to the heirs-at-law of the testator.

APPEAL from the Circuit Court for Dorchester County.

This was an action instituted on the 23d of July, 1869, by the appellees, to recover from the appellant the rents and

profits which he had received from a farm called "Darly's Addition Enlarged," since the death of a certain John A. Scott, who died seised and possessed of said estate, sometime in the month of December, 1863. The appellees were the nearest blood relations and heirs-at-law of the deceased, and claimed that he died intestate of said estate. The appellant, who was the executor under the will of the said Scott, insisted that he did not die intestate of the farm in question, but that it passed under the residuary clause of the will, to his wife Eliza Scott during her natural life. The facts of the case are sufficiently stated in the opinion of the Court. The case was submitted to the Court without the intervention of a jury; and it was agreed between the parties that if the Court should be of the opinion that John A. Scott died intestate as to the farm or tract of land in question, their judgment should be in favor of the plaintiffs for such sum as should be ascertained to be equivalent to the rents, issues and profits of said farm for the three years immediately preceding the institution of this suit; and if the Court should be of opinion that the said farm was devised to Eliza Scott for life, by the will of her husband, the judgment should be entered for the defendant's costs. Judgment was rendered on the 24th of January, 1871, in favor of the plaintiffs for $570.87, with interest and costs. The defendant appealed.

The cause was submitted on briefs to BARTOL, C. J., BRENT, BOWIE, GRASON, MILLER and ROBINSON, J.

*James Wallace, Sewell T. Milbourne* and *T. A. Spence*, for the appellant.

*Clement Sulivane* and *Daniel M. Henry*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

On the 24th day of February, 1857, John A. Scott made his last will and testament, and after the execution of the

same, purchased a tract of land called "*Darly's Addition Enlarged*," containing four hundred and fifty acres. The question is, whether this subsequently acquired tract of land is devised in the will, or whether it descends to the heirs-at-law? *Art. 93, sec. 309, Code of Pub. Gen'l Laws.*

The appellant contends that it is devised under the following residuary clause:

"All the balance of my estate undisposed of, and all bonds, notes and accounts due me, I want the same collected and invested in stock of the Farmers and Planters' Bank of the city of Baltimore, or some other or better stock, and the interest or dividends thereof paid over to my dear wife, Eliza Scott, during her natural life."

The meaning of the words "*all the rest of my estate*," or "*the balance of my estate*," or *words of like import*, used in the residuary clause of a will, has been repeatedly considered by the Courts, and without reviewing the many decisions in regard thereto, it is sufficient to say they all agree that the question, as to whether they are to be understood as embracing real estate, or construed as referring to personalty only, is one of intention, to be ascertained from the face of the will. *Bullard vs. Goffe*, 20 *Pick.*, 252; *Doe vs. Buckner*, 6 *D. & E.*, 210; *Doe vs. Hunell*, 5 *Barn. & Ald.*, 18; *Dunnage vs. White*, 1 *Jac. & Walk.*, 584; *Monk vs. Mawdsley*, 1 *Sim.*, 286; *Walters vs. Walters*, 3 *H. & J.*, 201; *McChesney vs. Bruce*, 1 *Md.*, 344; *Cole vs. Ensor, et al.*, 3 *Md.*, 446; *Roe vs. Harvey*, 5 *Burr.*, 2638; *Doe vs. Chapman*, 1 *Hy. Bl.*, 223.

Standing alone and uncontrolled by antecedent or subsequent parts of the will, they are unquestionably sufficient to pass *real estate*, but where it appears from the whole context of the will, and especially when used in a residuary clause, bequeathing personal property exclusively, that the testator did not intend to embrace real estate, the intention must prevail, and the words will be construed as including personal property only. The heir-at-law is not to be disinherited except by express terms, or by necessary implication,

and the land not being specifically devised in such cases, his title must prevail, unless an intent to the contrary is satisfactorily established.

The question then, in this case resolves itself into this, does it appear from the face of this will, that the testator intended to devise in the residuary clause, the tract of land in question? And first, let us consider the question, supposing the tract of land to have belonged to the testator at the time of the execution of the will.

In the *first* clause, he bequeaths to his wife his negro. slaves.

In the *second*, his household and kitchen furniture, stock and other movable property on the premises.

In the *third* and *fourth*, he devises specifically certain real estate to her during life.

It will be observed that the technical words *"give and bequeath"* are used in each of the clauses in regard to the *personal property*, and the words *"give and devise"* in regard to the realty, thus clearly showing, that the draughtsman of this will, understood the *precise* force and meaning of testamentary words. Having thus devised and bequeathed real and personal property in separate clauses of the will, it would seem strange, to say the least of it, that the testator should devise a *tract of land, containing four hundred and fifty acres,* perhaps the most valuable part of his estate, in a residuary clause of the will, in connection with *personal property exclusively,* without any name or description to designate or identify the same, and without using any *operative* or *effective* words to pass real estate. "All the balance of my estate undisposed of" * * * * "notes, bonds, accounts due me, I want collected and invested." * * * * * On the other hand, if it be said, that the words "balance of my estate undisposed of" are used to embrace any and all properties, real and personal, of which the testator might die seized and possessed, and not otherwise specifically disposed of, it is sufficient to say in addition to the above views, that the clause itself, is wholly unintelligible, and

Rea *vs.* Twilley, *et al.*

inconsistent with such a construction. The executor is the person charged with the collection and investment of the property embraced in this clause of the will, and although he might collect the rents of the tract of land in question, he could not invest them, because according to the construction contended for by the appellant, Eliza Scott, the tenant for life, would be entitled to the same. He might also collect and invest the proceeds arising from the sale of the land, but no authority is conferred upon him to sell.

Looking then, to the whole context of this will, and especially to the residuary clause relied on by the appellant, we find nothing to justify the conclusion, that the testator intended to devise the real estate in question. On the contrary, the words "balance of my estate undisposed of," being accompanied with a bequest of personal property exclusively, and so used in connection therewith, as to make the clause unintelligible upon the theory that the testator intended to embrace the tract of land in question, we are of opinion, that they are to be construed as referring only to such other personal property, *ejusdem generis,* as is mentioned in the residuary clause of the will. And although Courts may transpose words in a sentence, or supply mere verbal omissions in a will, in order to reach the *obvious general intent* of a testator, yet this will not be done in any case where such a transposition would defeat the intention.

Entertaining these views on the merits of the case, it is unnecessary to consider the motion made to dismiss the appeal.

*Judgment affirmed.*

(Decided 18th March, 1872.)